UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Wesley Graves, | Crim. No.: 4:13-cr-00317-RBH-3 |
| Petitioner, | Civil Action No.: 4:16-cv-04038-RBH |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner's pro se [ECF No. 291] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner argues that his counsel was ineffective for failing to advise him that, under the terms of his plea agreement, a change in the law would not modify his sentence. Petitioner originally filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and the matter was assigned to Chief Judge Terry L. Wooten. In an order dated January 12, 2017, the Court re-characterized Petitioner's § 2241 petition as a motion to vacate under 28 U.S.C. § 2255.

On January 17, 2017, the government filed a response and motion to dismiss arguing that Petitioner's motion is untimely. For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On July 9, 2013, Petitioner pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to conspiracy to possess with intent to distribute 50 grams of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

of 21 U.S.C. § 846. The Rule 11(c)(1)(C) plea agreement provided for a stipulated sentence of 10 years or 120 months incarceration. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's advisory sentencing guideline range was 135 to 168 months in prison based on a total offense level of 33 and criminal history category of I.

On November 14, 2013, the Court held a sentencing hearing. The Court accepted the parties' Rule 11(c)(1)(C) plea agreement and granted a downward departure motion by the government. Petitioner was sentenced to a 78 month term of imprisonment. The judgment was entered on November 18, 2013.

Petitioner did not appeal his conviction or sentence. The deadline for Petitioner to file a notice of appeal from his conviction and sentence was December 2, 2013, 14 days after the judgment was entered.

The instant motion to vacate was filed on November 22, 2016, the date Petitioner delivered his motion to the prison mail room.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but

2

were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## **Discussion**

The government argues that Petitioner's motion to vacate is untimely and must be dismissed. Having reviewed the record, the Court agrees with the government that Petitioner's motion to vacate is untimely.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

3

>presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S.631 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

In this case, Petitioner did not file a direct appeal. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The time for Petitioner to file a direct appeal from his criminal judgment expired on December 2, 2013, fourteen days after the judgment was entered. Therefore, Petitioner's judgment became final on or about December 2, 2013. Petitioner's motion to vacate is untimely because it was filed more than one year after his conviction became final, and none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a

4

constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 295] motion to dismiss is **GRANTED** and Petitioner's pro se [ECF No. 291] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

June 11, 2018　　　　　　　　　　　　　　s/ R. Bryan Harwell  
Florence, South Carolina　　　　　　　　R. Bryan Harwell  
　　　　　　　　　　　　　　　　　　　United States District Judge